FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 05, 2024

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

JAMIE MARIE V.,

                Plaintiff,

   v.

MARTIN O'MALLEY,
COMMISSIONER OF SOCIAL
SECURITY,[1]

                Defendant.

No:  1:23-cv-03047-LRS

ORDER REMANDING THE
COMMISSIONER'S DECISION

BEFORE THE COURT are the parties' briefs.  ECF Nos. 9, 15.  This matter
was submitted for consideration without oral argument.  Plaintiff is represented by
attorney D. James Tree.  Defendant is represented by Special Assistant United States
Attorney Frederick Fripps.  The Court, having reviewed the administrative record

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20,
2023.  Pursuant to Rule 25(d) of the Rules of Civil Procedure, Martin O'Malley is
substituted for Kilolo Kijakazi as the Defendant in this suit.

ORDER - 1

and the parties' briefing, is fully informed.  For the reasons discussed below, Plaintiff's brief requesting an award of benefits, ECF No. 9, is denied, and Defendant's brief requesting remand, ECF No. 15, is granted.

## JURISDICTION

Plaintiff Jamie Marie V. [2] (Plaintiff), filed for disability insurance benefits (DIB) on February 4, 2020, alleging an onset date of September 25, 2018.[3]  Tr. 238-41.  Benefits were denied initially, Tr. 165-67, and upon reconsideration, Tr. 173-75. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on March 29, 2022.  Tr. 75-98.  On April 8, 2022, the ALJ issued an unfavorable decision, Tr. 14-36, and the Appeals Council denied review, Tr. 1-6.  The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

---

[2] The court identifies a plaintiff in a social security case only by the first name and last initial in order to protect privacy.  *See* Local Civil Rule 5.2(c).

[3] Plaintiff previously filed Title II and Title XVI applications and a different ALJ made an unfavorable decision on September 27, 2018.  Tr. 99-121.  The ALJ in this case declined to reopen the prior decision.  Tr. 17.  As such, the period at issue in this case begins on September 28, 2018, the day after the date of the prior decision.  Tr. 17.

## BACKGROUND

The facts of the case are set forth in the administrative hearings and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was born in 1985 and was 36 years old on her date last insured.  Tr. 30.  She has work experience at a pet boarding facility and as a teacher's aide.  Tr. 90, 93.  Plaintiff testified that she cannot work due to irritable bowel syndrome (IBS) and colitis, severe pain in her back, and migraines.  Tr. 81.  She testified that she needs to use the restroom from six to eight times in an eight-hour window.  Tr. 82.  She has abdominal cramping.  Tr. 82.  Her back pain is in her sacroiliac (SI) joint.  Tr. 83.  She has a migraine every couple of days.  Tr. 86.   A typical migraine lasts anywhere from four hours to all day.  Tr. 85.  Plaintiff also testified she has depression and anxiety.  Tr. 88.  She has been treated for borderline personality disorder.  Tr. 89.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and

citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

ORDER - 4

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a

person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant

ORDER - 6

is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity from the day after the date of the prior decision, September 28, 2018, through her date last insured of December 31, 2021.  Tr. 20.  At step two, the ALJ found that through the date last insured, Plaintiff had the following severe impairments:  migraine headaches; colitis vs. irritable bowel syndrome; degenerative disc disease; obesity; affective disorder; anxiety disorder; posttraumatic stress disorder (PTSD); and personality disorder.  Tr. 20.  At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 20-21.

ORDER - 7

The ALJ then found that through the date last insured, Plaintiff had the residual functional capacity to perform light work with the following additional limitations: "she cannot climb ladders, ropes, or scaffolds and she cannot work around hazards (i.e., unprotected heights and dangerous machinery).  The claimant can perform simple, routine tasks, with occasional, superficial interaction with others."  Tr. 22.

At step four, the ALJ found that through the date last insured, Plaintiff was unable to perform any past relevant work.  Tr. 30.  After considering Plaintiff's age, education, work experience, residual functional capacity, and the testimony of a vocational expert, the ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could have performed, such as marker, marker II, and router.  Tr. 30-31.  Thus, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, at any time from September 28, 2018, the day after the date of the prior decision, through December 31, 2021, the date last insured.  Tr. 31.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II of the Social Security Act.  ECF No. 9. Plaintiff raises the following issues for review:

1.  Whether the RFC finding is consistent with disability;

2.  Whether the ALJ properly considered Plaintiff's symptom testimony;

ORDER - 8

3.    Whether the ALJ properly considered the medical opinion evidence; and

4.    Whether the ALJ properly evaluated Plaintiff's migraines at step three.

ECF No. 9 at 2.

## DISCUSSION

The primary issue in dispute is whether the Court should remand for further proceedings or an award of benefits. Defendant concedes an error in the evaluation of the medical opinion evidence and requests remand. *See* ECF No. 15. Plaintiff argues the conceded error and other errors require remand for an immediate award of benefits. ECF Nos. 9, 16. As explained below, the Court concludes that further proceedings are necessary in this case.

## A.    RFC Finding

Plaintiff contends that the RFC finding is consistent with disability and that benefits should be awarded on that basis. ECF No. 9 at 3-4; ECF No. 16 at 2-3. The RFC includes a limitation to "occasional, superficial interaction with others." Tr. 22. Based on vocational expert testimony, the ALJ found that Plaintiff can perform occupations such as marker, marker II, and router, all of which are specific vocational preparation (SVP) level 2 jobs. SVP-2 jobs are those jobs that are learned beyond a short demonstration up to and including one month.

At the hearing, counsel asked the vocational expert, "[a]nd for some – for these SVP: 2 level jobs, when a person is in training and learning to do that job, how much are they interacting with supervisors or trainers?" Tr. 97. The vocational

ORDER - 9

expert testified that, "[d]uring the training period it would probably be frequent because they're teaching them the job." Tr. 97. Plaintiff argues that a person who is limited to occasional superficial contact would not get past the training period requiring frequent contact, and therefore cannot sustain substantial gainful activity. ECF No. 9 at 3-4.

This testimony indicates that Plaintiff's RFC may be inconsistent with the ability to complete a standard training period of the SVP-2 jobs identified, as training for SVP-2 jobs typically requires more frequent supervisor contact than Plaintiff is capable of tolerating. However, it is unclear from the vocational expert's testimony whether a person with Plaintiff's RFC would be terminated during the training period or if they could perform the training and work required by the jobs identified. Furthermore, there was no testimony indicating whether any jobs exist which require only occasional contact during training which someone with Plaintiff's RFC could perform. There are ambiguities resulting from the vocational expert's testimony and it is therefore not evident Plaintiff is disabled based on the RFC. On remand, the ALJ is instructed to take new vocational expert testimony and resolve any conflicts in the expert's testimony.

**B.    Symptom Testimony**

Plaintiff contends the ALJ failed to properly consider her symptom testimony and that it should be credited as a matter of law. ECF No. 9 at 4-14; ECF No. 16 at 3-8. An ALJ engages in a two-step analysis to determine whether a claimant's

1   testimony regarding subjective pain or symptoms is credible. "First, the ALJ must

2   determine whether there is objective medical evidence of an underlying impairment

3   which could reasonably be expected to produce the pain or other symptoms alleged."

4   *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not

5   required to show that her impairment could reasonably be expected to cause the

6   severity of the symptom she has alleged; she need only show that it could reasonably

7   have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591

8   (9th Cir. 2009) (internal quotation marks omitted).

9   　　Second, "[i]f the claimant meets the first test and there is no evidence of

10   malingering, the ALJ can only reject the claimant's testimony about the severity of

11   the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

12   rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal

13   citations and quotations omitted). "General findings are insufficient; rather, the ALJ

14   must identify what testimony is not credible and what evidence undermines the

15   claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.

16   1995); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ

17   must make a credibility determination with findings sufficiently specific to permit

18   the court to conclude that the ALJ did not arbitrarily discredit claimant's

19   testimony."). "The clear and convincing [evidence] standard is the most demanding

20   required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir.

21

ORDER - 11

2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. Social Security Ruling 16-3p, 2017 WL 5180304, at *9 (effective October 25, 2017); 20 C.F.R. § 4104.1529(c). The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities." SSR 16-3p, at *2.

The ALJ found that Plaintiff's statements are not entirely consistent with the objective medical and other evidence. Tr. 23. First, the ALJ discussed the objective evidence regarding Plaintiff's severe impairments. Tr. 23-24. An ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th

Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).  However, the medical

evidence is a relevant factor in determining the severity of a claimant's pain and its

disabling effects.  *Rollins*, 261 F.3d at 857.  Minimal objective evidence is a factor

which may be relied upon in discrediting a claimant's testimony, although it may not

be the only factor.  *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

Regarding gastrointestinal complaints, the ALJ first found Plaintiff's

complaints are not entirely consistent with the unremarkable workup findings during

the period at issue.  Tr. 23.  The ALJ noted that findings from a CT scan in May

2020, a colonoscopy in June 2020, a video capsule endoscopy in October 2020, and

an abdominal MRI in April 2021 all indicated that Plaintiff's bowel condition is not

active and do not corroborate her claims of unstable bowel symptoms.  Tr. 23, 397,

395, 526, 706.  Plaintiff argues her lymphocytic colitis is a condition that would not

be detected by scopes and imaging cited by the ALJ, even if it was active.  ECF No.

9 at 8.  Plaintiff further argues the ALJ indicated he was unfamiliar with

lymphocytic colitis and misunderstood the condition.  ECF No. 9 at 8; Tr. 92.

Assuming without determining that Plaintiff is correct and that the ALJ

misunderstood Plaintiff's disorder and the significance of the unremarkable test

findings, the matter must be remanded for further consideration and development on

this issue.

Next, the ALJ observed that Plaintiff's complaints of chronic diarrhea and

poor appetite are not supported by evidence of weight loss.  Tr. 23.  The ALJ cited

ORDER - 13

records indicating that from November 2020 to February 2022, Plaintiff's weight ranged between 180 pounds and 192 pounds, with a low in February 2021 of 178 pounds.  Tr. 23.  The ALJ noted that Plaintiff's weight had been relatively stable and had actually increased since the beginning of 2021, which the ALJ concluded does not substantiate Plaintiff's claims of poor appetite and chronic diarrhea.  Tr. 23. Plaintiff contends there was no basis in the record for the ALJ to expect dramatic weight loss due to her GI condition and observes that the record actually shows a weight loss of 36.65 pounds from April 2019 to January 2021.  ECF No. 9 at 22 (citing Tr. 351, 352, 363, 406, 408, 411, 421, 456, 490, 525, 551).  The significance of Plaintiff's weight loss or lack thereof is not clear from the record and requires further consideration and development on remand.

Lastly, the ALJ noted that contrary to claims of chronic severe abdominal pain, exam findings have shown only mild or minimal abdominal tenderness.  Tr. 23-24, 357, 700, 883, 887, 893.  Plaintiff argues that such findings do not undermine her allegations since there were findings of at least mild tenderness.  ECF No. 9 at 10.  Although the ALJ's conclusion that the degree of severity alleged is inconsistent with findings on exam seems reasonable, in light of the need to reconsider the above GI findings, on remand, the ALJ should reconsider Plaintiff's GI symptoms overall. The ALJ may find the testimony of a medical expert or an examining medical opinion helpful.

Regarding migraines, the ALJ found that Plaintiff's allegations are not fully consistent with the evidence. Tr. 24. Social Security Ruling 19-4p provides that in evaluating headache disorders, it is appropriate to "consider the extent to which the person's impairment-related symptoms are consistent with the evidence in the record." Social Security Ruling 19-4p, 2019 WL 4169635, at *8 (effective August 26, 2019). "Consistency and supportability between reported symptoms and objective medical evidence is key in assessing the RFC." *Id.* The ALJ noted Plaintiff has not been to an emergency room for treatment for a headache episode, and that her neurologic findings have regularly been normal. Tr. 24. The ALJ also noted Plaintiff has usually presented in no distress during appointments. Tr. 24. Plaintiff suggests this is insufficient to discredit Plaintiff's headache testimony because SSR 19-4p indicates that a primary headache disorder can sometimes warrant an emergency visit for diagnosis or treatment, which Plaintiff already had, and that abnormal neurologic findings would not be expected for migraines. ECF No. 9 at 4-5. Furthermore, Plaintiff argues the frequency of her migraines indicates an inability to work. ECF No. 9 at 5. On remand, the ALJ should reconsider Plaintiff's migraines and should discuss evidence in the record such as evidence of treatment and frequency, not just an absence of findings which may be of limited relevance.

Regarding back pain, the ALJ noted Plaintiff testified she has debilitating back pain and an SI fusion was recommended. Tr. 24. The ALJ observed, however,

that Plaintiff declined surgical consultation for her spine.  Tr. 24, 883.  The ALJ also

observed that x-ray showed only mild degenerative disc disease and mild lumbar

levoscoliosis, which were noted to be "mild abnormalities of the discs but nothing

else." Tr. 24, 899.  A January 2022 MRI revealed only a mild disc bulge at L3-4

with no central canal stenosis or foraminal stenosis.  Tr. 24, 909.  Furthermore, the

ALJ observed physical findings of the back have been benign.  Tr. 24, 360, 631,

700, 883.  The ALJ found that the relatively unremarkable findings from imaging

and exams do not corroborate Plaintiff's description of incapacitating back pain and

limitations.  Tr. 24.  Plaintiff takes issue with the ALJ's consideration of the record

and asserts the ALJ failed to state what testimony was being discounted.  ECF No. 9

at 10-11.  The ALJ's finding may be reasonable, but since this matter is remanded

on other grounds, the ALJ's entire finding regarding Plaintiff's symptom testimony

must be reconsidered.

Regarding obesity, the ALJ observed that Plaintiff has not had significant

complications due to her weight.  Tr. 24.  Plaintiff argues the ALJ did not identify

any testimony contradictory to this finding and that this is not sufficient basis to

discount her allegations.  ECF No. 9 at 11.  To the extent the ALJ discounted

Plaintiff's testimony on this basis, the finding is insufficient.

Regarding mental impairments, the ALJ found that Plaintiff's allegations of

chronic disabling mental symptoms and limitations are contrary to treatment notes

indicating generally mild symptoms and situational stressors.  Tr. 25.  The ALJ

noted instances of Plaintiff reporting mild, minimal, or no symptoms of depression on the PHQ-9.  Tr. 25, 411, 415, 950-51, 954-55, 963, 966, 972, 975, 981.  The ALJ also noted reported Plaintiff's GAD-7 results for anxiety were moderate when her son had a high fever and she was concerned that he had COVD, but mild anxiety on other occasions.  Tr. Tr. 25, 411, 415, 950-51, 954-55.  The ALJ observed that Plaintiff's provider attributed increased symptoms to recent situational stressors, including her divorce, a complicated relationship with her mother, and her son being sick.  Tr. 25, 951, 956.  Plaintiff argues the PHQ-9 and GAD-7 are screening tools for anxiety and depression and do not provide information about workplace limitations.  ECF No. 9 at 12.  However, the ALJ's point is that Plaintiff's complaints are less reliable because she often reported mild, minimal, or no depression or anxiety symptoms to her providers and increases in symptoms were attributable to situational stressors, but she alleged disabling mental symptoms in connection with her disability claim.

The ALJ also found Plaintiff's mental allegations of marked cognitive, social, and mental dysfunction are not consistent with benign presentation and mental status exam findings.  Tr. 25.  The ALJ noted mental exam findings often included findings such as normal mood, full range of affect, appropriate grooming, pleasant/cooperative behavior, normal speech, linear thought processes, full orientation, fair memory, fair attention/concentration, normal language, average fund of knowledge, fair insight/judgment, and normal thought content.  Tr. 27 (citing Tr.

ORDER - 17

360, 363, 400, 406, 631, 698, 700, 905, 952, 961, 963, 966-67, 969-70, 973, 975, 981).  Plaintiff argues the ALJ's finding is not sufficiently specific as to the allegations discounted and does not address certain specific limitation alleged.  ECF No. 9 at 12.  Plaintiff also takes issue with the ALJ's interpretation of the evidence.  ECF No. 9 at 12.  On remand, the ALJ should reassess the mental limitations and specifically address Plaintiff's claimed limitations and identify the discounted allegations.

The second reason given by the ALJ for discounting Plaintiff's symptoms statements is that her activities suggest greater functioning than alleged.  Tr. 25.  It is reasonable for an ALJ to consider a claimant's activities which undermine claims of totally disabling pain in assessing a claimant's symptom complaints.  *See Rollins*, 261 F.3d at 857.  However, it is well-established that a claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits.  *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987).  Notwithstanding, if a claimant is able to spend a substantial part of her day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain.  *Fair,* 885 F.2d at 603.  Furthermore, "[e]ven where [Plaintiff's daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."  *Molina*, 674 F.3d at 1113.

The ALJ found that Plaintiff testified that she has difficulty performing basic daily activities such as cleaning and shopping, but the record indicates that she was getting paid to clean her dad's house in 2020 and that she was doing most of the shopping and errands for her house in 2021. Tr. 25, 905, 963, 966. The ALJ also found Plaintiff's testimony is not fully consistent the emotional physical, and cognitive demands of providing daily care for her young son who was born in 2018. Tr. 905; *see Rollins*, 261 F.3d at 857 (Plaintiff's ability to care for young children without help may undermine claims of totally disabling pain); *but see Trevizo v. Berryhill*, 871 F.3d 664, 681 (9th Cir. 2017) ("the mere fact that she cares for small children does not constitute an adequately specific conflict with her reported limitations."). Plaintiff argues the ALJ's interpretation of the record is incorrect and insufficiently specific. ECF No. 9 at 12-13. On remand, the ALJ will reconsider Plaintiff's daily activities and provide sufficiently specific findings.

## C.    Medical Opinion Evidence

For claims filed on or after March 27, 2017, the regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5867-88 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 404.1520c(a) and (b); *Woods v. Kijakazi*, 32 F.4th 785, 790-92 (9th Cir.

2022).  Supportability and consistency are the most important factors in evaluating

the persuasiveness of medical opinions and prior administrative findings, and

therefore the ALJ is required to explain how both factors were considered.  20

C.F.R. § 404.1520c(b)(2).  The ALJ may, but is not required, to explain how other

factors were considered.  20 C.F.R. § 404.1520c(b)(2); *see* 20 C.F.R. §

404.1520c(c)(1)-(5).

     *1.  Robert Hander, M.D., and Norman Staley, M.D.*

     Plaintiff contends and Defendant concedes that the ALJ erred regarding the

opinions of Drs. Hander and Staley.   ECF No. 9 at 16-17; ECF No. 15 at 2-3.  In

May 2020, Dr. Hander reviewed the record and opined that Plaintiff has limitations

consistent with light work, should avoid concentrated exposure to fumes, odors,

dusts, gases, poor ventilations, etc., and "requires ready access to clean restroom,

and ability to use it as needed."  Tr. 136-37.  In March 2021, Dr. Staley reviewed the

record and assessed the same limitations.  Tr. 152-55.

     The ALJ found the opinions of Dr. Hander and Dr. Staley are persuasive

because they are supported by the medical record and consistent with the

longitudinal evidence.[4]  Tr. 26.   Defendant concedes that despite finding the

opinions persuasive, the ALJ did not include any limitation in the RFC regarding

---

[4] The ALJ rejected the limitation to exposure to pulmonary irritants, Tr. 26, which is
not contested by Plaintiff and is not at issue in this case.

ORDER - 20

access to a restroom as needed, nor did the ALJ reject the limitation.  Tr. 22; ECF No. 15 at 3.  The ALJ's failure to either provide reasons supported by substantial evidence to reject the restroom limitation or to properly incorporate it into the assessed RFC constitutes error.  *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("an ALJ is not free to disregard properly supported limitations").

Defendant notes that the opinions are consistent with Plaintiff's own testimony that she needs to use the restroom frequently, which was rejected by the ALJ.  ECF No. 15 at 3.  Thus, there is an unresolved conflict between the ALJ's finding that Plaintiff's testimony is unreliable and the finding that Dr. Hander's and Dr. Staley's opinions are persuasive.  Plaintiff argues there is no conflict because the ALJ's finding rejecting Plaintiff's symptom statements is also erroneous.  ECF No. 16 at 10-11.  Because there are deficiencies and ambiguities in the ALJ's findings regarding Plaintiff's symptom allegations which must be resolved by the ALJ, as discussed *supra*, the matter must be remanded for reconsideration.  *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999).

### 2.  *Marieta J. Morales Jimenez, M.D.*

Dr. Morales Jimenez completed a Medical Report form in September 2021 and listed diagnoses of anxiety, depression, PTSD, IBS, bronchial hyperreactivity, seizure disorder, chronic migraines, myofascial pain right shoulder, SI joint pain, bicep tendinitis right shoulder, low back pain, mild scoliosis, and mild lumbar degenerative disc disease.  Tr. 510.  She indicated that Plaintiff needs to lie down

ORDER - 21

during the day for a few hours due to pain or migraines.  Tr. 510.  Dr. Morales

Jimenez opined that work on a regular and continuous basis would not cause

Plaintiff's condition to deteriorate but would likely increase her back pain.  Tr. 511.

She also opined that Plaintiff would miss four or more days of work per month due

to a combination of physical and mental factors.  Tr. 511.  She stated that "[h]er pain

is very limiting, her diarrhea @ times is so severe that I doubt she would be able to

not use bathroom as much at work."  Tr. 511.

     The ALJ found Dr. Morales Jimenez's opinion is not persuasive.  Tr. 26.

First, the ALJ found Dr. Morales Jimenez's opinion is not supported by her own

treatment notes which contain only sporadic complaints about the conditions that are

the basis of Plaintiff's claim for disability.  Tr. 26.  The more relevant the objective

medical evidence and supporting explanations provided by a medical source to

support his or her opinion, the more persuasive the medical opinion will be.  20

C.F.R. § 404.1520c.  The ALJ observed that records from 2020 and February 2021

document complaints such as the flu, hemorrhoids, anxiety, restless leg syndrome,

and a nodule in the bikini area.  Tr. 27 (citing Tr. 402, 411, 415, 418, 421, 477).  The

ALJ noted Plaintiff saw Dr. Morales Jimenez for complaints of back pain, shoulder

pain, and diarrhea only in April 2020.  Tr. 27 (citing Tr. 435, 445).  Accordingly, the

ALJ found that these treatment notes do not support Dr. Morales Jimenez Jimenez's

conclusion that Plaintiff is disabled due to multiple physical and mental conditions.

However, Plaintiff notes other instances in the record from 2019 to 2021 indicating that Dr. Morales Jimenez treated or noted symptoms related to the conditions mentioned in her opinion, including complaints about diarrhea, a referral to the gastroenterologist, and treatment for diarrhea.  ECF No. 9 at 18 (citing Tr. 418, 421, 445, 480, 483, 487, 550).  Furthermore, several of the records cited by the ALJ contain notes about complaints of diarrhea or pain, Dr. Morales Jiminez's plan to discuss "urgently doing a colonoscopy for her because I'm worried that she has inflammatory bowel disease," and referral and follow up with GI specialists.  Tr. 402, 411, 421.  The ALJ's characterization of Plaintiff's complaints as "sporadic" in light of these records and notes which were not mentioned by the ALJ means the finding is not supported by substantial evidence.

The ALJ also found Dr. Morales Jimenez's opinion is not supported by her own exam findings.  Tr. 27.  The ALJ indicated that since the prior decision in September 2018, Dr. Morales Jimenez "has examined the claimant on only a couple of occasions."  Tr. 27.  In light of the numerous office visit records between September 2018 and Dr. Morales Jimenez's September 2021 opinion, the ALJ's statement appears to be unsupported.  *See e.g.*, Tr. 402, 411, 415, 418, 421, 435, 445, 477, 480, 483, 487, 499.  Furthermore, the ALJ considered the same records considered in evaluating Dr. Moralez Jiminez's treatment notes, Tr. 27 (citing Tr. 402, 411, 415, 418), but did not discuss notes and findings from numerous other

records, e.g., Tr. 421, 438, 445, 480, 483, 487, 500.  It is not clear that the ALJ took into consideration all of Dr. Morales Jiminez's records in evaluating her opinion.

Second, the ALJ found Dr. Morales Jimenez's opinion is not consistent with the longitudinal evidence.  Tr. 27.  The more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion will be.  20 C.F.R. § 404.1520c(c).  The ALJ found that benign mental status findings do not corroborate Dr. Morales Jimenez's assessment of disabling mental function based on the same citations and findings discussed in discounting Plaintiff's symptom statements.  Tr. 27.  As discussed *supra*, these findings should be reconsidered on remand.

Third, the ALJ found Dr. Morales Jimenez's opinion relied on the diagnoses of irritable bowel syndrome, migraines, back pain and scoliosis which the ALJ found are not as severe as alleged.  Tr. 27-28.  The ALJ's discussion of these conditions as they relate to Dr. Morales Jimenez's opinion is essentially the same as the ALJ's discussion of these conditions regarding Plaintiff's symptom statements.  Tr. 27-28. For the reasons discussed above, the ALJ must reconsider these findings on remand. Similarly, the ALJ's fourth reason for finding Dr. Morales Jimenez's opinion not persuasive, which is that her opinion is not consistent with Plaintiff's activities, relies on findings that must also be reconsidered, as discussed *supra*.  Tr. 28.

**D.    Migraines – Listing 11.02**

ORDER - 24

Plaintiff contends the ALJ erred by not properly assessing Plaintiff's migraines under Listing 11.02B and that benefits should be awarded on that basis. ECF No. 9 at 14-15. There is no listing for migraines but the most analogous listed impairment for equivalence is Listing 11.02 for epilepsy. Social Security Ruling 19-4p at *7, 2019 WL 4169635 (August 26, 2019). A person with primary headache disorder may exhibit equivalent signs and limitations to those detailed in Listing 11.02 (paragraph B or D for dyscognitive seizures). SSR 19-4p. Plaintiff alleges equivalence under Listing 11.02B, which requires documentation of a detailed description of a typical seizure (or equivalent for migraines), occurring at least once a week for at least three consecutive months despite adherence to prescribed treatment. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 11.02B.

The ALJ found that Plaintiff's migraine headaches do not equal Listing 11.02. Tr. 21. First, the ALJ noted that the frequency of Plaintiff's migraines is "based largely on her self-report," and found that Plaintiff's migraines are not as chronic or as severe as described. Tr. 21, 24. As discussed *supra*, the ALJ's findings regarding Plaintiff symptom statements is insufficient, so the ALJ's findings at step three based on the assessment of Plaintiff's symptom statements must also be reconsidered.

Second, the ALJ found that none of Plaintiff's providers had witnessed a headache or migraine in the office and there is no third-party statement regarding the severity of Plaintiff's migraines, so the record does not contain a detailed description

ORDER - 25

of a headache event from a third party required by the Listing.  Tr. 21.  Plaintiff

contends that the ALJ misstated the requirements of the Listing and asserts SSR 19-

4p does not require third-party observation of a typical migraine.  ECF No. 16 at 8.

Plaintiff contends that SSR 19-4p indicates consideration of a third-party

observation of a typical migraine only applies when evaluating whether migraines

are a medically determinable impairment, and since the ALJ found migraines are a

severe impairment, "[t]he headache does not need to be observed."  ECF No. 9 at 22.

However, while SSR 19-4p lists the main requirements of Listing 11.02B, it does not

include all of the details of the listing.  *Compare* SSR 19-4p, 2019 WL 416963 at *7

*with* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 11.01H2.   The listing description for

evaluating seizures or headaches under Listing 11.02 actually indicates:

> Description of seizure.  We require at least one detailed description of
> your seizures from someone, preferably a medical professional, *who
> has observed* at least one of your typical seizures.  If you experience
> more than one type of seizure, we require a description of each type.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 11.01H2 (emphasis added).  Thus, equivalence

with Listing 11.02 requires a detailed description of a headache event from someone

who has witnessed it, consistent with the ALJ's finding.  Plaintiff does not appear to

dispute the ALJ's determination that the record does not contain a detailed

description of a headache event from a provider who has observed at least one such

event.  ECF No. 9 at 14-15.  As such, the Court finds no basis to remand for an

award of benefits based on Listing 11.02.  Nonetheless, the ALJ should reevaluate

step three on remand as discussed *supra*.

**D.      Remedy**

The Court has discretion to remand a case for additional evidence or to simply award benefits. *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison*, 759 F.3d at 1020 (citations omitted).

Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, we remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, this Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

As discussed throughout this decision, there are ambiguities which must resolved and issues to be reconsidered by the ALJ. Therefore, after weighing the applicable factors, the Court finds the appropriate remedy is to remand for additional proceedings consistent with this order.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.

Accordingly,

1. Plaintiff's Brief requesting an award of benefits, **ECF No. 9**, is **DENIED**.

2. Defendant's Brief requesting remand for further proceedings, **ECF No. 15**, is **GRANTED**.

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for the Plaintiff and the file shall be **CLOSED**.

**DATED** September 5, 2024.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 28